JAMES P. FALKNER, Plaintiff in Error,

*vs.*

THOMAS DORMAN, Defendant in Error.

AND

JAMES P. FALKNER, Plaintiff in Error,

*vs.*

BENJAMIN F. STEVENS, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

What is a tax deed sufficient in form under Sec. 5 of the Session Laws of 1852, in relation to tax deeds, &c.

No suit for recovery of the possession of lands sold for taxes can be maintained unless it is commenced within three years from the recording of the tax deed, under the R. S. 1849, Ch. 15 Sec. 123, (except in cases mentioned in said section.)

This statute operates as a bar as well to an action brought by one claiming under a tax deed, as in favor of one in possession under such tax deed, for the period prescribed by the statute.

The act of the legislature providing that actions for the recovery of lands sold for taxes, shall be brought within three years from the time of recording the tax deed, is not unconstitutional.

These two cases are substantially alike, and were argued and considered together.

An action of ejectment was brought in the Dane circuit court by the plaintiff in error, against the defendant in error. The cause was tried by a jury at the November term, 1856. The declaration was in the usual form; the plea, not guilty, &c. The jury under the ruling and instruction of the court rendered a verdict for the defendant, upon which judgment was entered, to reverse which the plaintiff sued out this writ of

error.    The bill of exceptions exhibits the facts and decision of the circuit court, which is in substance as follows:

On the trial the plaintiff proved that at the time of the commencement of the suit, the defendant was in possession of the premises; and further, introduced in evidence a deed from Hoel K. Lawrence and wife to the plaintiff; also a deed from Leonard J. Farwell and wife to the said Hoel K. Lawrence, and from David J. Powers and wife to the said Leonard J. Farwell, of the premises in question, after which the plaintiff offered, in evidence, a tax deed, of which the following is a copy:

" Whereas David J. Powers has deposited in my office one hundred and fifty-six certificates of the county treasurer of the county of Dane, State of Wisconsin, whereby it appears that the said county of Dane, of whom the said David J. Powers is assignee, did purchase of said county treasurer, at a tax sale held by him at Madison, in said county, on the tenth day of April, A. D. eighteen hundred and fifty, the following tracts of land hereinafter described, situate and being in said county of Dane, State of Wisconsin, for the several sums set opposite to each of such tracts, to wit:    The west half of the north east quarter of section number nineteen, in township number eight of range number twelve, for three dollars and seventy-four cents, [together with a large number of other tracts therein described,] said sums for which said lands being then sold, being the amounts then due the said county of Dane for taxes and charges on said lands; and whereas it appears, from an examination of the records of my office, that said lands are now unredeemed from such sale, now, therefore, know all men by these presents, that in consideration of the said several sums hereinbefore mentioned, and of the said premises, the said county of Dane does hereby grant and convey unto the said David J. Powers the premises herein described, with all the hereditaments and appurtenan-

ces thereunto belonging, to him and his heirs and assigns, to their sole use and benefit forever.

In witness whereof I have hereunto set my hand and seal, at Madison, this 20th day of April, A. D. 1853.

GABRIEL BJORNSEN, [L. S.]

*Clerk of Board of Supervisors,*

In presence, &c. *Dane County, Wisconsin;*

Which deed was recorded on the 20th day of April, A. D. 1853.

To the reception of this deed in evidence the defendant objected, and the objection was sustained by the court; to which ruling the plaintiff excepted.

*Abbott & Clark* for the plaintiff in error.

The deed in this case was executed, acknowledged and recorded on the 20th day of April, A. D. 1853, and is in the form prescribed by the act of 1852, chap. 503. By the terms of this act, this deed is made conclusive evidence. § 1 and 4. More than three years having elapsed from the recording of the tax deed of the plaintiff, to the commencement of this suit, the defendant is, by § 123 of Ch. 15, Rev. Stat., estopped from defending against the tax deed.

Section 1 of chapter 66, Session Laws of 1854, provides that the title conveyed by tax deed, shall not be affected or avoided by any error in assessing, listing, taxing, selling or conveying the land, or in any proceeding previous to the execution and delivery of the deed. There are in the deed in this case, all the recitals necessary to show the authority of the clerk to make the deed, and all the recitals required to entitle the deed to the benefit of the act of April 19, 1852, and the other acts, making such deeds either conclusive, or *prima facia* evidence of title. R. S. Ch. 15, § 109.

*S. U. Pinney*, for the defendant in error.

1. The tax deed offered in evidence was not admissible. It did not show on its face that it was executed under, and in pursuance of the special power given by the statute. It should have recited enough to show that the law had been complied with substantially, and in that case perhaps it might be *prima facia* evidence, and admissible. It should have recited that no offer was made at the sale to pay the taxes for a less portion than the whole, in order to have justified the sale of the entire tract of land described in the deed. R. S., Ch. 15, § 91 ; *Ainsworth vs. Dean*, 1 Fost., 400 ; Blackwell on Tax Titles, 434, *et seq.*

2. Said deed was not admissible in evidence until proof had been given to show that the land therein described was liable to taxation.

3. It is submitted that the meaning and proper construction of the latter portion of § 109 of Ch. 15 of the R. S., as to the effect of the tax deed, is that the deed when it recites regular proceedings, such as the law prescribes, such recitals shall be *prima facia* evidence that the proceedings have been had in the manner therein stated ; in other words, the deed shall be *prima facia* evidence of the facts therein stated, and is not evidence to any greater extent, and if it does not recite the necessary facts to give the authority to sell and convey, then the deed is not *prima facia* evidence of title, and cannot be admitted without preliminary proof of the regularity of the proceedings had in levying the tax.

*By the Court*, COLE, J. To establish his claim of title, the plaintiff in error, and plaintiff below, offered in evidence a tax deed, executed, acknowledged and recorded on the 20th day of April, 1853 ; which deed was in the form prescribed

by chapter 503, Session Laws, 1852. The deed had been recorded more than three years before the commencement of the suit, and being objected to generally, by the counsel for the defendant, was ruled out by the circuit court as not being competent evidence in the cause.

The correctness of this ruling of the circuit court is the only question we have to consider at this time.

It was insisted that the deed was not admissible in evidence because it did not show on its face that it was executed under, and in pursuance of the special power given by the statute. But upon comparing the deed with the form given in section five (5) of the act of 1852, we do not see but it substantially complies with the form therein prescribed, and probably is a good and sufficient deed in this respect. For we suppose a deed made in strict conformity to a particular form prescribed by the statute to be observed, in the execution of deeds, must be held valid as far as the form is concerned. But there is another objection to this deed, which to our minds is insuperable and renders the deed unavailable to the plaintiff in this action, and it is this : The deed was recorded more than three years before the commencement of the suit. By section 123, chapter 15, R. S., it is provided that any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid or the lands redeemed as provided by law, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter." Here is a suit to obtain posession of land sold for taxes, commenced more than three years from the time the tax deed was recorded. Is not the action barred by the above provision of the statute ?

In the case of Edgerton, administrator, &c., vs. Bird, decided at the last term of this court, we had occasion to put a construction upon this provision of the statute. The defendant in that case had been in the actual and undisturbed possession

of the land in controversy, under a recorded tax deed, for about fifteen years, and had made valuable improvements, and she set up in defence this tax deed, and relied upon the same to defeat the action. And this court felt compelled to hold that the defence must prevail under this section of the statute. We could see no possible escape from it unless we practically nullified and repealed an act of the legislature. The language of the statute appears to be clear, distinct and unambiguous, and to create a complete bar to any suit to recover lands sold for taxes, (except in the cases therein mentioned,) after three years from the time of recording the tax deed.

It was insisted that this provision could only operate in favor of the person claiming under the tax title, and that the party in possession was estopped from defending against the tax deed, three years having elapsed since it was recorded. But we are of the opinion that if any force and effect is given to this provision of law, it must be considered as a statute of repose, operating in favor of the person in possession of the lands which have been sold for taxes, barring an action upon a tax deed commenced after three years from the time such deed was recorded, as well as enuring to the benefit of a person in possession under such tax deed for the period limited for bringing the suit. We see no other fair and reasonable construction to be given to the statute. It is too late to contest the power of the legislature to pass statutes of limitation. In the case of *Parker vs. Kane et al.*, 4 Wis. 1, this court held that it was the province of the legislature to prescribe the manner and time in which remedies in our courts should be pursued, and that a statute of limitation was constitutional if some remedy be given by it, and a reasonable time within which such remedy might be enforced. The plaintiff in error has neglected to assert his rights under the tax deed and to bring his action within the time fixed by law, and conse

quently is barred of his remedy.   It is a matter resting in the sound discretion of the legislature which may take into consideration the nature of the titles, the situation of the country and the mischiefs to be guarded against, to determine the period to which a party's right of action shall be limited for the recovery of the possession of real estate.   Having in the case of lands sold for taxes fixed the period at three years from the time the tax deed is recorded, we can only sustain the law as we find it on the statute book.

These remarks, it is believed, sufficiently dispose of the present case, and the following one on the calendar.

The judgment of the circuit court is affirmed.