## WHITON vs. ROCK COUNTY.

The *owner* of land sold for unpaid taxes, who has purchased the certificate of sale, cannot recover from the county the amount for which the land was sold, with interest &c., on the ground that the description of the property in the certificate is so defective that a deed cannot properly be issued thereon.

APPEAL from the Circuit Court for *Rock* County.

*Whiton* applied to the *Board of Supervisors of Rock County*

to have a certain certificate of sale of lands for delinquent taxes of 1853, alleged to have been purchased by him, cancelled as being illegal, and a county order granted him for the amount for which such tax sale was made, with interest. The lands were described in the certificates as the undivided one-fourth of lots 2, 3, 4, 5, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 in lots 1 and 2 of section 36, town 3; range 12—3½ acres." The application was denied by the supervisors, and *Whiton* appealed. On the trial, before the circuit court without a jury, it appeared that the certificate was purchased from one Kimball by *Whiton* & King, then a law firm in the city of Janesville; and there was conflicting evidence as to whether they purchased it for themselves, or as the agents, and for the benefit of one Walker, who, as the evidence tended to show, was the owner of the property described in the certificate. The circuit court found as facts, among other things, that Walker was such owner at the time of the tax sale, and at the time of the purchase of said certificate from Kimball; and that he was the real purchaser of said certificate, and held and owned the same when the time for the redemption of the land from the tax sale expired. As a conclusion of law, the court held, that such purchase of the certificate was in effect, a payment by Walker of the tax for which the land had been sold, and that neither he nor his assignee could recover from the county the money paid.

Judgment for the defendant.

*H. K. Whiton* in person, contended, among other things, that the tax certificate was illegal on its face, because the Revised Statutes of 1849, require that *each lot* shall be separately assessed, (chap. 15, sec. 17), and that the sale shall be of the *distinct* parcels (secs. 90, 91); and that the owner of land finding that it has been sold under an illegal assessment, and that a cloud is about to be created upon his title by the issue of a tax deed, may purchase in, the illegal certificate of sale, and

may recover of the county the amount paid thereon like any other holder of such a certificate.

*I. C. Sloan*, for the respondent.

*By the Court*, COLE, J.   We are satisfied from the testimony in this case, that the tax certificate was purchased for the benefit of Walker.   He owned a one quarter interest in the property, and was of course liable to pay his share of the taxes upon it.   The only objection taken to the certificate is, that the description of the property was not sufficient.   Concede that this was so; does it furnish any reason why he should recover back from the county the money which he voluntarily paid to redeem the certificate?   It is not claimed that he has paid any more taxes than he ought to pay, or that he is liable to pay them again for this same year.   Wherein, then, was he injured by the property not being described fully and perfectly?   He might have disregarded the certificate, if he is right in saying that it was void for uncertainty.   In that view it could do him no harm.   But he saw fit to redeem the certificate, in other words, to pay the taxes he should pay.   After this we think that he should not be permitted to come into court, and by an action in the nature of one for money had and received, recover back his taxes thus paid, because the description of the property was imperfect.   We can see no merit in such a claim, and think it must be denied.

We think the judgment must be affirmed.