SEPTEMBER TERM, 1867. 167

Curtis vs. The Board of Supervisors of Brown County.

CURTIS VS. THE BOARD OF SUPERVISORS OF BROWN COUNTY.

TAX PROCEEDINGS: *Effect of erroneous description of land.—Can assignee of invalid certificates recover money paid the county therefor, if he has since acquired the land?—How long lien for taxes continues.*—REVERSAL OF JUDGMENT: *New trial granted, where first trial by court alone.*

| | |
|---|---|
| 22 | 167 |
| 89 | 437 |

1. Where there were two additions to a town, called respectively "A's addition," and "A's second addition," and certificates of tax sales, and tax deeds, were made of lots of specified numbers "in A's addition," there being lots so numbered in "A's second addition," but not in the other: *Held*, that parol evidence could not be received to show that "A's second addition" was meant; and the certificates and deeds were invalid.

2. The assignee of the certificates and holder of the deeds, who had subsequently become owner of the lots so numbered in "A's second addition," could not recover from the county the moneys paid to it by him, if it appeared that no taxes had been paid on said lots for the years named in the certificates.

3. No evidence having been offered on that subject, this court, on reversing a judgment against him, orders a new trial, *although the former trial was by the court alone.*

4. The proviso to sec. 3, chap. 138, Laws of 1861, does not bar the lien upon land for taxes after five years from their assessment.

APPEAL from the Circuit Court for *Brown* County. The plat of "Arndt's addition to the town of Fort Howard" was recorded in 1849; that of "Arndt's second addition to the town of Fort Howard," in 1857. In 1861 and 1862, plaintiff bought of the county certificates of sales for taxes, made during those years, covering by their terms sundry lots in blocks 7, 8, 9, 10, 11 and 12 in "Arndt's addition;" and afterwards he took out tax deeds purporting to convey the lots by a similar description. Lots and blocks of the specified numbers were found in the plat of "Arndt's second addition," but not in the first named plat. At the time plaintiff purchased said certificates, he was owner of certain lots in "Arndt's second addition," corresponding in the *numbers* of lots and blocks to those described in some

of the certificates; and he subsequently became owner of other lots in said second addition corresponding in their numbers in like manner to those described in others of said certificates. Afterwards, in November, 1866, he presented to the county supervisors an account against the county for moneys due him on account of said certificates, under sec. 27, chap. 22, Laws of 1859, claiming that the sales, certificates and deeds were invalid. The supervisors having disallowed the amount, plaintiff appealed to the circuit court; but that court, upon the facts above stated, held the descriptions in the tax deeds sufficient, and the deeds valid, and rendered judgment against the plaintiff; from which he appealed.

*Ellis & Hastings*, for appellant, to the point that the sale, certificate and deeds were void by reason of the inaccurate description of the land, cited Blackwell on Tax Titles, 123 et seq., 182–3; *Head v. James*, 13 Wis., 641; *Jarvis v. Silliman*, 21 id., 599; *Lachman v. Clark*, 14 Cal., 131; *Perkins v. Dibble*, 10 Ohio, 433; *Lafferty's Lessees v. Byers*, 5 id., 458; *Tallman v. White*, 2 Coms., 66–71; *Roukendorff v. Taylor*, 4 Peters, 349. 2. There is no evidence that the lots now owned by *Curtis* in Arndt's second addition were not properly assessed for the years 1860 and 1861, and the taxes paid by the then owner. And even if it appeared that no tax on such lots was paid for those years, that would not affect this case, because *Curtis*, not having been owner at the times of the assessment and sale, was never legally or equitably bound to pay the taxes, and because, by lapse of time, the tax has ceased to be a lien on the land. See the *proviso* in sec. 3, chap. 138, Laws of 1861.

*Orlo B. Graves*, for respondent, contended that the description of the lots as found in the certificates was sufficiently certain and accurate for all the purposes of taxation, advertisement of sale, sale and conveyance, citing R. S.,

chap. 18, secs. 17, 18; *Tilman v. White*, 2 Coms., 66, and cases there cited; *Dezell v. Odell*, 3 Hill, 215. 2. When one has paid what the law would not have compelled him to pay, but what in equity and conscience he ought to have paid, he cannot recover it back. Broom's Legal Maxims, *203-4.

DIXON, C. J. The counsel for the plaintiff are fully sustained by authority and correct in the position, that a false or mistaken description of the land, in proceedings to enforce the collection of taxes, avoids the sale, certificate or deed. The reasons are obvious. The officers are engaged in the exercise of mere, naked statutory powers, which must be strictly pursued, and the execution of which can only be shown by the *acts* of the officers themselves, evidenced in the manner prescribed by the statute. The certificate is the sole evidence of the land sold, and the deed, of that conveyed; and hence parol evidence cannot be received to aid or correct a description which is false or mistaken. For the same reason, also, no part of the description can be rejected as surplusage, nor words omitted be supplied, as in similar transactions between private individuals. The officers can be presumed to have no intention different from that expressed by their acts. To receive evidence that they intended another description in place of the one given, or that they sold or conveyed lands lying in one place for those which lie in another, or which have no existence at all, would be to show that they intended to do that which the law under which they proposed to act did not permit, and which was therefore illegal. Another reason why the description in the list, certificate or deed must be strictly adhered to for the purpose of testing the legal validity of the proceedings, is, that otherwise the owner of the lands would lose all benefit of the notices required by law to be given in such cases.

It would be impossible for him to know, either from the published lists or the assessment roll, that his land had been assessed or sold, or was to be sold or conveyed; and hence he cannot be considered delinquent in not having paid the taxes, so that his title to the land should be lost or forfeited.   The proceedings are void as to the owner; and being so as to him, they are also void as between the county and the purchaser at the tax sale, his assignee, and the grantee by tax deed.

For these reasons we are of opinion that the word "second" in the description "Arndt's addition," cannot be supplied so as to make the description applicable to "Arndt's second addition," in which it is said the lots were in fact situated.   We are restricted to the description contained in the certificates and deeds; and as there are no such lots and blocks in Arndt's addition, the sales and subsequent proceedings must fail.

But though the proceedings are void at law, for the reasons above stated, it does not follow that the present plaintiff would, under all circumstances, be entitled to recover back from the county the moneys paid by him for the certificates.   The action is in the nature of an action for money had and received, which lies only to recover back such sums as may be equitably due to the person bringing it.   It appears from the stipulation, that at the time the plaintiff purchased the certificates from the county, he was the owner of some of the lots of a corresponding description in Arndt's second addition; and that subsequently, and before the presentation of his account to the board of supervisors, he acquired the title of several others, so that of the thirty-six corresponding lots in "Arndt's second addition," he now owns all but three.   But the stipulation does not show that those thirty-three corresponding lots now owned by the plaintiff were not assessed, or paid no taxes, in the

years 1860 and 1861, for which these certificates were issued. The facts stipulated make it very probable that such was the case, but they do not justify an inference to that effect. If it had been so stipulated, or otherwise shown that the thirty-three corresponding lots in "Arndt's second addition," of which the plaintiff is now the owner, paid no taxes for those years, and were not assessed except by the defective description of "Arndt's addition," and that the assessments were just and equitable, and the same as they would have been but for the mistake of description, or in other words, if it had appeared that the omission of the word " second " was a mere clerical error, that plat being intended, then we think the plaintiff would not have been entitled to recover back from the county the money paid for tax certificates on those lots. Such facts would constitute a good equitable defense to the action. Taxes are debts due to the government, and, when charged on lands, the lands constitute a fund out of which they are to be paid; so that whoever afterwards acquires title and possession of such fund, does so, so far subject to the burdens thus imposed, as that he cannot recover back money which he has once paid into the public treasury for the same taxes. This principle of equity, which looks only to the justice of transactions without regard to merely legal defects or errors not affecting their merits, seems very clear. A mere mistake in the description does not affect the equitable right of the county to retain the money in its possession. It is the same as if no such mistake had intervened. If, therefore, these facts had appeared as we have supposed they might exist, it would have become our duty to have affirmed the judgment as to the lots owned by the plaintiff, notwithstanding the error of the circuit judge in supplying the word " second " in the description, and holding the sales good on that ground. But as it is, the judgment must be wholly

reversed; and in reversing it, we think, contrary to the usual practice in cases tried before the court without a jury (see *Garbutt v. Bank of Prairie du Chien, post*), that a new trial should be awarded. Cases where it is probable that the ends of justice will be subserved by a new trial, should be an exception to the rule. The county should have an opportunity of showing, if it can, that no taxes were paid upon the lots owned by the plaintiff in " Arndt's second addition " for the years in question, and that they were not assessed otherwise than by the erroneous descriptions contained in the certificates, and that such descriptions were intended for them.

But it is furthermore contended, for the plaintiff, that the lien of the public for the taxes was lost after the lapse of five years from the time they ought to have been regularly assessed, under the operation of the proviso to sec. 3, chap. 138, Laws of 1861. We do not so understand the effect of that proviso. It is, that the particular remedy provided by that section shall not be resorted to after the lapse of five years; but not that all lien or right on the part of the public to insist upon payment or to enforce collection shall be gone. Recourse may be had to other means of re-assessment and collection, if the same are provided by law; and, if not provided, it is undoubtedly competent for the legislature to enact them. This principle has frequently received the sanction of this court. If, after the lapse of five years, the party whose duty it was to pay should pay the taxes notwithstanding the irregularity, the remedy is in the hands of the courts, upon principles which are well established, to prevent a judgment to recover back the money.

*By the Court.*—Judgment reversed, and a new trial awarded.