ORTON vs. NOONAN and another.

TAX DEED : *Rules of construction—Deed void as between the parties cannot be made valid by legislative act.*

1. In a tax deed, words necessary to identify the land will not be supplied by intendment, nor will any part of the description be rejected as surplusage.

2. To sustain his claim of title to "a part of the northwest qr. of sec. 9, T. 7, R. 22 east, described as lot 3, and bounded on the north by lands of Wolcott, east by land of Scharb, south by land of Worthly, and west by lands of Webber, being 5¼ acres," plaintiff relied on a tax deed for "part of N. W. ¼, lot 3, N. by Wolcott, E. by Scharb, S. by Worthly, W. by Webber, 5 25-100 acres, of S. 9, T. 7, R. 22." *Held*, that the words "being," "known as," or "described as," will not be supplied by intendment between "N. W. ¼" and "lot 3;" and the deed is void for uncertainty.

3. The legislature cannot make a deed valid, which by law was void as between the parties to it at the time of the passage of the act.

APPEAL from the Circuit Court for *Milwaukee* County.

Ejectment. The plaintiff appealed from an order sustaining a demurrer to the complaint, as not stating a cause of action. The ground on which the demurrer was sustained will appear from the opinion.

*J. J. Orton*, appellant, in person, to the point that it is sufficient if the description in a tax deed indicate the land intended with ordinary and reasonable certainty, and be such as would suffice between the parties to an ordinary conveyance, cited Laws of 1866, ch. 53, § 1; R. S. ch. 18, § 21; 13 Ill. 708; and as to the rule in such conveyances, he cited 6 Hill, 456; 21 Barb. 398; 29 id. 196; 11 id. 173; 25 Wend. 402; 2 Johns. 37; 7 id. 217; 5 Md. 537; 12 Wis. 388; 14 id. 523; 1 Vt. 336; 7 id. 100; 10 id. 247; 4 Mass. 196; 2 N. H. 175; 19 id. 273; 3 Jones' Law, 496.

*I. P. Walker*, for respondent, as to the insufficiency of the description in the deed, cited R. S. ch. 15, §§ 20, 21; Blackwell on Tax Titles, 151, 152, 450, § 16; 13 S. & R. 151; 1 N. H. 93; 13 How. (U. S.) 18; 4 Pet. 349; 12 Wis. 388; 13 id. 641; 2 Ham. 412; 2 Ohio, 287; 6 id. 161; 9 id. 599; 15 id. 134; 5 Blackf. 51; 12 Ill. 409; 3 Iowa, 84.

DIXON, C. J. The description in the deed is in these words: "Part of N. W. ¼, Lot 3, N. by Wolcott, E. by Scharb, S. by Worthly, W. by Webber, $5\frac{25}{100}$ acres, of sec. 9, T. 7, R. 22." The

plaintiff, in his complaint, claims title under the deed to "part of the northwest quarter of section 9, town 7, range 22, east, and *described as* lot 3, and bounded as follows, viz. : north by lands of Wolcott, east by lands of Scharb, south by lands of Worthly, and west by lands of Webber, being 5¼ acres." A copy of the deed is annexed to the complaint, and made part of it, and the question arises as to the sufficiency of the description in the deed to pass the title by tax sale. The description is elliptical. Many words must be supplied to make it full and accurate, or to correspond with that claimed in the complaint. Between the words "N. W. ¼" and the words "Lot 3" must be supplied the words *being, known as*, or *described as*, or others of like import. The question is, Can these words be supplied so as to help out the description? We are of opinion that they cannot, and that the deed is void for uncertainty in the description. We have already decided that tax deeds cannot, like deeds between private persons, be aided by intendment; that no part of the description can be rejected as surplusage, nor words omitted be supplied. *Curtis v. The Board of Supervisors of Brown Co.*, 22 Wis. 167. To supply the words here required in order to give the deed the effect claimed for it by the plaintiff, would be to change the grammatical sense and connection of the language used, as it would ordinarily be understood in descriptions of this kind. Ordinarily, the word to be supplied would be the word *of*, so that it would read "part of the N. W. ¼ of Lot 3."

We feel certain that the description cannot be aided by supplying words which would give to the language used a signification different from that in which it would be usually understood; and we accordingly hold the deed void for the uncertainty of description of the land sold.

The act of 1866, chap. 53, Laws of 1866, has no influence upon the question, for the very plain reason that the legislature has, under the constitution, no power to declare a deed valid

which by law was void as between the parties to it at the time of the passage of the act.

*By the Court.*—Order affirmed.