## DELORME vs. FERK.

CONSTITUTIONAL LAW: *Federal stamp duty on tax deed — Power of state legislature to give validity to such duty — Description of land in tax deed.*

1. A revenue stamp is not required upon a tax deed, even since the passage of chapter 159, Laws of 1863.

2. Whether the state legislature *could* give additional validity to a stamp tax imposed directly by the federal government, and payable into its treasury, not here decided.

3. The description of the land in a *tax* deed as a certain specified lot in "block No. 19 *to* the village," etc. (instead of "*in* the village," etc.), would probably have rendered the deed invalid for uncertainty *before* the passage of chapter 53, Laws of 1866; otherwise, *since* that act.

APPEAL from the Circuit Court for *Dodge* County.

Ejectment. Plaintiff claimed under a tax deed executed June 30, 1866, and recorded, but not stamped; and the land was described therein as "lot No. fourteen (14), in block No. nineteen (19), *to* the village of Theresa, in said county." The court held the deed void on its face for uncertainty in said description, and dismissed the complaint; and plaintiff appealed from the judgment.

*Lewis & Fribert,* for appellant, contended, among other things, that section 1, chapter 159, Laws of 1863, did not *require* the affixing of a stamp to tax deeds; that the state legislature could not impose a federal tax or duty in any case; and that it could not impose any such new duty in the case of a deed to one who purchased at a tax sale prior to the act. *Lain v. Shepardson,* 18 Wis. 59, 61. They also argued that the word "to" was susceptible of an interpretation which made the description entirely certain; and, if otherwise, then it might be rejected, and the description would still be sufficient.

*E. P. Smith,* for the respondent, argued that the act of 1863 recognized the validity of the revenue laws of the United States, so far as they require a stamp upon tax deeds. As to the power of the legislature in this respect,

he cited *McCulloch v. Maryland*, 4 Wheat. 316 ; *Smith v. Cleveland*, 17 Wis. 565 ; *Campbell v. City of Kenosha*, 5 Wall. 194 ; *Calkins v. State*, 21 Wis. 501 ; 9 id. 561 ; *Brodhead v. Milwaukee*, 19 id. 665. In requiring a stamp upon deeds of land sold for taxes before the passage of the act, the obligation of the contract of sale is not impaired. *Penrose v. Erie Canal Co.*, 56 Pa. St. 46 ; Am. Law Reg., Jan. 1869, p. 59 ; *Von Baumbach v. Bade*, 9 Wis. 560. As to the uncertainty in the description of the land, he cited *Raymond v. Longworth*, 4 McLean, 481 ; 2 Hilliard on R. E. 354 ; Blackwell on Tax Titles, 450, 153 ; *Revere v. Leonard*, 1 Mass. 90 ; 13 Wis. 641.

PAINE, J. It was decided by this court, in *Sayles v. Davis*, 22 Wis. 225, that congress had no power to require a stamp to be imposed upon tax deeds issued under the state authority. The deed in that case was issued prior to the passage of chapter 159, Laws of 1863. And that fact was noticed, as though it might be material, in the opinion. The respondent's counsel now insists tha, this state law adopts the act of congress, and makes the revenue stamp essential to the tax deed. But we do not think so. This law seems merely designed to protect the state officers, in respect to stamps, where required by the laws of the United States, upon the assumption that those laws are valid, and applicable to the means by which the state carries on its own government. It furnishes no evidence of any design on the part of the legislature to supply any invalidity in the laws of congress in this respect, or to give them any greater force or efficacy than they would otherwise have. Whether it would be competent for the legislature to give any additional validity to a stamp tax imposed directly by the federal government, and payable into its treasury, it is not necessary to inquire. It has not, as yet, manifested any intention to do so.

The tax deed in this case related to a lot supposed to be in the village of Theresa, Dodge county. The description contained in the deed was as follows: "Lot No. fourteen (14), in block No. nineteen (19), *to* the village of Theresa, in said county." It is claimed that the use of the word "to," instead of "in," renders the deed void for uncertainty; and the court below so decided.

There has, undoubtedly, been a difference between tax deeds and others in respect to sufficiency in description. As a part of the general strictness with which courts have uniformly regarded them, it has been held that no intendments were to be made in their favor; and that, as the officers executing them acted under statutory powers, they must be sufficiently certain on their face, and would not be helped out by any inquiry into the probable intentions of the parties. This court acted upon that rule in the case of *Orton v. Noonan*, 23 Wis. 102. And the same rule would probably sustain the decision of the court below in this case, except for the statute that has been passed on the subject. This statute we held inapplicable in *Orton v. Noonan*, for the reason that it was not passed until after the deed was executed. But the deed here in question was executed since the passage of the act, which is, therefore, applicable. This act is chapter 53 of the General Laws of 1866. It provides as follows: "In all advertisements, certificates, papers, or proceedings relating to the sale or forfeiture of school, swamp, or university lands, or the assessment and collection of taxes, and proceedings founded thereon, as well heretofore as hereafter, any description of lands which shall indicate the land intended with ordinary and reasonable certainty, and which would be sufficient between grantor and grantee in an ordinary conveyance, shall be sufficient." It would probably not be questioned that, in an ordinary conveyance between individuals, this description would be sufficient. The word "to," though not so accurate and proper as the word

"in," was obviously used as having the same meaning. No court would hesitate, in an ordinary conveyance, to say that the description referred to lot 14 in block 19 in the village of Theresa. This being so, it comes exactly within the rule prescribed by the legislature, and must be held sufficient in a tax deed.

*By the Court.* — The judgment is reversed, and the cause remanded for a new trial.