THE STATE, R. WAYNE PARKER, PROSECUTOR, v. THE CITY OF ELIZABETH.

1. The following description in an assessment, made under the sixty-seventh section of the charter of the city of Elizabeth, (*Laws*, 1863, *p.* 109,) "Samuel Barber, h., 60 feet, Linden street," is insufficient.

2. The assessment, and all proceedings upon it, including the tax sale to the city of Elizabeth, vacated.

---

On *certiorari*.

Argued at June Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *Cortlandt Parker*.

For the defendants, *R. E. Chetwood*.

The opinion of the court was delivered by

REED, J.   This writ brings up a declaration of sale for unpaid taxes in the city of Elizabeth, made by the defendants to Charles W. Noyes, Samuel F. Noyes, and James M. Noyes, and also the assessment, transcript of unpaid taxes, advertisements, and all the proceedings upon which the said declaration of sale is founded.

The proceedings upon which the title under this declaration of sale is based, are taken under an act to revise the charter of the city of Elizabeth, passed March 4th, 1863.   *Laws,* 1863, *p.* 109.

Section 67 of that act provides a method of making assessments in the city of Elizabeth, upon realty.

Section 73 makes such assessments a lien upon such land for the space of two years.

Sections 75 and 76 provide for the return of delinquent tax-payers, and the issuing of a warrant for the collection of such unpaid taxes.

Section 80 provides for a statement of taxes uncollected under said warrant, for each ward, which, by act of 1872, (*Laws*, 1872, *p.* 1196, § 10,) shall be kept by the comptroller, who is to publish, that unless such taxes are paid within twenty days after the first publication of said notice, the said taxes will be collected by public sale.

Section 82 designates the time and manner of advertising the sale, and Section 83 the manner of conducting the same, and executing the certificate of sale to the purchaser.

This is a general outline of the scheme for the enforcement of assessments in the city of Elizabeth.   All the proceedings, from the first act—the levying of the assessment—to the execution and delivery of the declaration of sale, are before the court.   The prosecutor urges that they do not show such a conformity to the directions of the act as will enable the

defendants to invoke the statute in aid of their title, or of their assessment upon which their title is based.

The first and principal objection raised, is a want of definite description of the realty involved in these proceedings. And this lack of adequate designation of the premises is alleged in avoidance of several stages of the proceedings necessary to confer valid title under the sale.

It is urged against the validity of the assessment itself; against the transcript of unpaid taxes filed in the comptroller's office; against the sufficiency of the twenty days' advertisement by the comptroller; against the legality of the advertisement of the time and manner of sale, and against the certificate of sale itself. It is needless to consider each of these objections separately. There may, obviously, be instances where an assessment may, under this act, be supported, and yet some of the subsequent proceedings be erroneous, from a defective description. Here, however, the transcript contained the same description as the assessor's list. The twenty days' advertisement was made by reference to the transcript in the comptroller's office, and the schedule attached to the advertisement of the time and place of sale contained the same description.

The object of description in each of these stages of procedure is the identification of the land affected.

It is said that the purposes of description are—first, that the owner may have information of the claim made upon him or his property; second, that the public, in case the tax is not paid, may be notified what land is to be offered for sale for such non-payment; third, that the purchaser may be enabled to obtain a sufficient conveyance.

A correct description is as essential to the owner in the assessment as in any other of the different steps to a sale. Indeed, the description in the assessor's list is the guide in pursuing the succeeding stages.

The comptroller corrects errors in the return to him by comparison with the assessor's list, by Section 80. By act of 1872, (ante,) he advertises by reference to the transcript.

But the matter is set at rest by Section 67, which is imperative in its direction to assessors. They are to assess all lands " in the names of the owners thereof respectively, and to designate the same by the street where situated, and by the number thereof, where the same is numbered, and if not numbered, then by such other description as will be sufficient to ascertain the location and extent thereof."

What is a sufficient description is often a difficult matter to determine. It is said a degree of strictness is required in these proceedings which would not be demanded in conveyances. *Blackwell on Tax Titles* 124.

It is said that the maxim *falsa demonstratio non nocet,* which saves a description to which there is an erroneous addition, if the description is otherwise sufficient, does not apply to descriptions in proceedings to enforce the collection of taxes. *Curtis* v. *Supervisors of Brown Co.,* 22 *Wis.* 167.

The courts have, in some cases, carried the rule of strictness in description very far. *Hunnell* v. *Smith,* 15 *Ohio* 134; *Hill* v. *Mowrey,* 6 *Gray* 551; *Ronkendorf* v. *Taylor's Lessee,* 4 *Pet.* 349.

The attempt at a general rule would seem to amount to this: that the designation of the land will be sufficient, if it affords the means of identification to the owner and does not mislead him. *Woodside* v. *Wilson,* 32 *Penn. St.* 52.

The assessor is not bound to examine the muniments of title of the owner, or give courses and distances. The legislative intent was to make the description of a general character. If the lot was numbered, that and the name of the street was sufficient. If not numbered, then by such other description as will be sufficient to ascertain the location and extent of the land.

The description in this assessment is not by street and number thereof. It is in these words, " Samuel Barber, h., 60 feet, Linden street." Is this sufficient to ascertain the location and extent of the lot assessed ?

It was held in *State, Alden, pros.,* v. *Newark,* 7 *Vroom* 288, that abbreviations, so long as they were intelligible, might be

used by the assessor; and in that case "h., l. and stable" were held to indicate house, lot and stable.

In *State, Rutherford Park Ass'n, pros.,* v. *Township of Union,* 7 *Vroom* 312, the only description was, "Number of acres, 2." The court held that this was obviously insufficient, but said that a short description would comply with the terms of the general statute, which was similar to this.

We are warranted, then, in giving to the letter "h" its obvious meaning, and the description is, then, "house 60 feet Linden street." I think this description does not identify the location and extent of a lot of land. It certainly does not mean that it is a house sixty feet on Linden street, and yet that is the significance of the description. Again, the mere location of a lot upon a street is, by the terms of Section 67, insufficient. It requires a number, and in default of that, some other description. As there is no number mentioned in this description, the only other designation is that the lot is sixty feet Linden street.

Now the declaration of sale shows that the lot fronts fifty-seven feet on Linden street. While I am not prepared to assent to the doctrine that an error like this would avoid a description, where there is something left to identify the lot in such a manner that the owner or third parties cannot be misled, yet it is seen that here there is but this to rely upon for the ascertainment of its identity. Taking away the erroneous statement, nothing is left, and I am of opinion that there is no such description as Section 67 enjoins. Upon reaching this conclusion, the assessment must be held bad, and as it is the foundation of all the proceedings brought up by this writ, they fall with it.

The assessment, certificate of sale and declaration of sale, and all acts connected therewith, must be vacated.