CAMPBELL vs. PACKARD.

*September 5 — September 23, 1884.*

*(1) Tax deed: Uncertainty in description. (2) Who may redeem from tax sale.*

1. A description of the premises conveyed by a tax deed as "land lying and being in the county of Portage described as follows: 88 feet east from the northeast corner of lot 1, block 1, S. B. & P. addition, thence east 177 feet," etc., not stating the name of the addition in full, nor the city or village in which the land was situated, is fatally defective.
2. One who has been for many years in the possession and actual occupancy of land, and in whose name the taxes thereon have been assessed, is entitled to redeem the same from a sale for such taxes. R. S. sec. 1165.

APPEAL from the Circuit Court for *Portage* County.

Ejectment. The plaintiff claimed title under a tax deed issued upon a sale for the taxes of 1877. The defendant

Campbell vs. Packard.

claimed, among other things, that the tax deed was void for uncertainty in the description of the land, and that while the tax certificate was still the property of the county he had fully redeemed the premises from the sale.

The court directed a verdict for the defendant, and from the judgment entered thereon the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Raymond & Haseltine*, and for the respondent on that of *W. H. Packard* and *G. W. Cate.*

Orton, J. This is an action of ejectment brought to recover the possession of a lot, commencing 88 feet east from the northeast corner of lot No. 1, of Smith, Briggs & Phillips' addition to the village (now city) of Stevens Point, and running thence east 177 feet to George street; thence south 187 links; thence west 177 feet; thence north 187 links to the place of beginning; said land lying in the city of Stevens Point, Portage county, Wisconsin. The plaintiff relies for title on a tax deed, executed to him by the county clerk of the county of Portage for the following described "land, lying and being in the county of Portage, to wit: described as follows: 88 feet east from the northeast corner of lot one (1), block one (1), S. B. & P. addition; thence east 177 feet to George street; thence south 187 links; thence west 177 feet; thence north 187 links to place of beginning." In the certificate upon which this deed was issued, the land is described as follows: "Lot commencing 88 feet E. from the N. E. corner of lot 1, block 1, S. B. & P. addition; thence east 177 feet to George street; thence south 187 links; thence west 177 feet; thence north 187 links to place of beginning." The description in the tax roll and the assessment roll is the same as in the certificate.

The description in the deed is fatally defective in not stating the name of the addition, and in not stating the city or village in the county of Portage, in which the land is

situated, by the legal tests of determining the sufficiency of description in a deed. The land cannot be found by the deed alone, or the possession of it taken or delivered. The premises would have to be ascertained by evidence *dehors* the deed.

The description in the certificate and in the assessment and tax rolls is still more defective and uncertain, in not naming the county, city, village, or addition in which the land is situated. Such imperfect description in tax proceedings would afford no notice whatever to parties interested. These descriptions are far more imperfect and uncertain than that in *Curtis v. Supervisors*, 22 Wis. 167, in which it was not certain in which addition, the first or second of the same name, the premises were located. *Tollensen v. Gunderson*, 1 Wis. 113; *Head v. James*, 13 Wis. 641; *Whiton v. Rock Co.* 16 Wis. 44.

Thadeus Haertel, the lessor of the defendant, was the husband of Bertha Haertel, deceased, who was the original owner of the land in question, and he had been in the possession of it for twenty years, and it had been taxed to him, and the tax in the assessment and tax rolls for which this certificate was given and deed issued, stands against his name, and charged to him. He was in possession by his lessee when this suit was brought, and was in the actual occupancy until May 1, 1881, and had been for a long time.

There was evidence, by receipts from the county treasurer to him for the full amount for which the land was sold, and subsequent charges, that he paid the same May 16, 1879, either to purchase the certificate or to redeem the land from sale for the taxes of 1877. It is claimed by the learned counsel of the appellant that the said Thadeus Haertel was not the owner or part owner of the land, and could not, therefore, redeem. The Revised Statutes of 1878, sec. 1165, provide that "the owner or *occupant* of any land sold for taxes, or *other person*," may redeem, etc. This has been the

law since 1844. We think it is clear enough that Thadeus Haertel was the occupant when he redeemed, at least, and he was legally bound to pay the tax and could lawfully redeem. The testimony is overwhelming that he fully redeemed the land while the certificate belonged to the county. The certificate was assigned in blank at the time, although still left in the office of the county treasurer, intended, no doubt, to be delivered to Haertel as the assignee. It is useless to inquire by what means the certificate afterwards came into the possession of a stranger; it is sufficient that it did so wrongfully.

We think the circuit court properly directed a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.