Meade vs. Gilfoyle.

64  18
75  22
64  18
80  334
64  18
90  205
64  18
98  47
64  18
101  55
101  487

MEADE, Appellant, vs. GILFOYLE, Respondent.

*September 5 — September 22, 1885.*

TAX TITLES: CONSTITUTIONAL LAW. *(1) Description in tax deed: Retroactive statute. (2) Uncertainty: Extrinsic evidence. (3) Practical location.*
LIMITATION OF ACTIONS: ADVERSE POSSESSION. *(4) Pleading. (5, 6) Parol contract of sale: Receipt for purchase price: "Written instrument." (7) Notice.*
HUSBAND AND WIFE. *(8) Agency: Evidence.*

1. Ch. 53, Laws of 1866 (R. S. sec. 1047; ch. 268, Laws of 1881), providing that in tax deeds *theretofore*, as well as those thereafter, issued, "any description of lands which shall indicate the land intended with ordinary and reasonable certainty, and which would be sufficient between grantor and grantee in an ordinary conveyance, shall be sufficient,"— is valid.

2. Under that act extrinsic evidence is admissible in aid of the description in tax deeds whenever it would be admissible in the case of ordinary conveyances.

3. Where the language in the description of the land conveyed or excepted from the conveyance is otherwise doubtful, a practical location by the agreement, acts, conduct, or declarations of the parties concerned, followed by adverse and exclusive possession, is sufficient to remove the doubt and give certainty to the description.

4. If the facts showing that the time limited for bringing the action has expired are stated in the answer, the statute of limitations is available as a defense, although it is not stated that any particular statute is relied upon.

5. To establish adverse possession of land under claim of title founded upon a written instrument, the vendee in possession under a parol contract for the sale of the land may avail himself of the former possession and title deeds of his vendor.

[6. Whether a mere receipt for the purchase price of land is such a written instrument as would form the basis of a claim of adverse possession under sec. 4211, R. S., is not determined.]

7. Actual possession by the vendee in a land contract is notice to all the world of his rights.

8. A wife who, by her husband's direction, makes a demand for a deed and an offer of payment, is for that purpose his agent, and may testify in his behalf to such demand and offer.

APPEAL from the Circuit Court for *Outagamie* County. The case is thus stated by Mr. Justice CASSODAY:

"This is an action of ejectment, commenced August 9, 1883, for a part of a lot described in the village of Kaukauna. The complaint is in the usual form and alleged that the defendant had unlawfully withheld the possession since June 1, 1883. The answer was a general denial, and an equitable counterclaim, to the effect that in 1869 the defendant, by verbal contract, purchased the land of D. J. Brothers and paid for the same, and went into the actual and exclusive possession thereof, and cleared and fenced the same in that year, and had been in the open and exclusive possession and occupancy of said premises ever since that time as a residence and homestead for himself and family; that after the defendant so purchased and went into such possession, the plaintiff, through mesne conveyances and with notice of the defendant's rights, obtained the legal title from D. J. Brothers. A conveyance from the plaintiff to the defendant is prayed.

"A jury was waived, and the cause was tried by the court, which found specifically that all the material allegations of the answer were true, and as conclusions of law that the · defendant was entitled to judgment dismissing the complaint, and a quitclaim deed from the plaintiff to him as prayed in the answer. From the judgment entered thereon the plaintiff appeals."

For the appellant there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*.

*Humphrey Pierce*, for the respondent.

CASSODAY, J. The plaintiff gave evidence tending to show a chain of title from the United States to him, through George W. Lawe, of the S. ½ of that part of private claim No. 1, west side of the Fox river, at Kaukauna, Outagamie county, Wisconsin. In support of the defendant's right to

the possession of the land particularly described, he gave in evidence a tax deed from the county to D. J. Brothers, executed and recorded September 4, 1865, containing only this description: "Private claim No. 1, 642 55-100 acres, less land included in private claims Nos. 34 and 35; also less those tracts formerly described as lot 2, block 2, and lot 4, block 3, Kaukauna plat; also less that part formerly known as lot 1, block 8; also less that part formerly known as block 10, Kaukauna village — 143 acres, sold to Outagamie county for $31.51, except the following tracts: 7½ acres, east of canal, redeemed by M. L. Martin and Fox & Wisconsin Improvement Company; ¼ acre, more or less, by Chas. Cord, commencing at the N. W. corner of lot 2, block 13, Kaukauna plat, running thence N. E., on the south line of Canal street, 50 feet, thence S. E. to canal, thence S. W. 150 feet along said canal, thence N. W. to place of beginning; also tract formerly known as lots 17 and 18, block 9, Kaukauna plat, as per deed recorded vol. 7, Deeds, page 26, ½ acre, more or less." The defendant also gave in evidence another tax deed from the county to D. J. Brothers, containing nearly the same description, executed and recorded May 14, 1866. In aid of the description, several records, certificates, documents, etc., were admitted in evidence. A witness, who had been called by the plaintiff, and testified that he was a surveyor, also testified, in effect, that the land in the defendant's possession, and in dispute, was included in the description in each of the tax deeds.

It was urged, on the part of the plaintiff, that the description in each of the tax deeds was so indefinite and uncertain that it described no land whatever, and was therefore void; and also that the extrinsic evidence in aid of the description was improperly admitted. The ambiguity in the description here consists in reference to records, documents, and descriptions outside the deeds, and which were necessarily to be regarded as a part of the description.

Meade vs. Gilfoyle.

This was a latent ambiguity. In support of the plaintiff's contention that such extrinsic evidence should have been excluded, counsel cite and rely upon *Curtis v. Supervisors*, 22 Wis. 167; *Orton v. Noonan*, 23 Wis. 102; *Delorme v. Ferk*, 24 Wis. 201; *Johnson v. Ashland Lumber Co.* 52 Wis. 458.

In *Curtis v. Supervisors, supra*, the lots, blocks, and addition appeared to be perfectly described on the face of the tax deed, but the recorded plat revealed the fact that there were no such lots and blocks in the addition named. It also appeared from the plat that there were such lots and blocks in a different addition, and it was held that parol evidence was not admissible to show that such different addition was the one intended, instead of the one named in the deed; in other words, that parol evidence was inadmissible to strike from the deed one addition and insert a different addition. *Orton v. Noonan, supra*, was in principle the same. It may be questionable whether the case before us comes within the principle of those decisions.

In *Delorme v. Ferk, supra*, it was held that the description was good under ch. 53, Laws of 1866, notwithstanding it might have been invalid in the absence of that statute. That act provided that "in all advertisements, certificates, papers, or proceedings relating to . . . the assessment and collection of taxes, and proceedings founded thereon, *as well heretofore* as hereafter, *any description of lands* which shall *indicate* the land intended *with ordinary and reasonable certainty*, and which would be sufficient *between grantor and grantee* in an ordinary conveyance, shall be sufficient." Sec. 1047, R. S.; ch. 268, Laws of 1881. Here one of the tax deeds was prior to the passage of the act, and the other after. The objections taken went merely to the mode of proving the land to be within the description, and not to the groundwork and essence of the transaction which resulted in the execution and delivery of the

deeds. Assuming that, as the law stood prior to that enactment, parol evidence was inadmissible to aid the description, yet the act was obviously intended to be retroactive, and, if valid, clearly authorized the admission of such evidence. It merely provided, in effect, that in tax deeds *theretofore* issued, as well as those thereafter issued, if the description given indicated "the land intended with ordinary and reasonable certainty" it should be sufficient, if it would have been sufficient in an "ordinary conveyance" between grantor and grantee. In other words, that extrinsic evidence should be admissible in the case of such tax deeds, the same as it would be in the case of an ordinary conveyance between grantor and grantee. That the legislature had power to so enact seems to be well established. *Smith v. Cleveland*, 17 Wis. 556; *Selsby v. Redlon*, 19 Wis. 17; *Ehle v. Brown*, 31 Wis. 405. Such being the law, the question of uncertainty in the description in these tax deeds must be determined by the same rules as are applicable to ordinary conveyances between grantor and grantee.

In *Johnson v. Ashland Lumber Co.* 52 Wis. 458, the description in the tax deed was, "lot 3, and the northeast quarter of the northwest quarter, *less seven acres*, of section 5." The difficulty with that description consisted in the impossibility of determining what portion of the forty constituted the seven acres, and as that could not be located with certainty, it was equally impossible to locate the remaining thirty-three acres. Had that exception been "less seven acres," as described in some other record, document, plat, or description, capable of being proved by extrinsic evidence, then what would otherwise be uncertain would, by virtue of such extrinsic evidence, be made definite and certain. For these reasons the case is distinguishable. In *Campbell v. Packard*, 61 Wis. 88, no complete description was given in the deed, nor by reference to anything outside the deed, and hence the case is distinguishable. In *Messer v. Oestreich*, 52 Wis. 689,

Meade vs. Gilfoyle.

it is said that " deeds are to be construed with reference to the actual rightful state of the property at the time of their execution. . . . For this purpose extrinsic evidence is often admitted, in order to place the court in the position of the parties at the time of making the deed, and thus enable the court to intelligently interpret the language used. The law will not declare a deed void for uncertainty, when the light which contemporaneous facts and circumstances furnish renders the description definite and certain." These positions are abundantly sustained by the authorities there cited. The opinion in that case cites a class of cases in which it was held, in effect, that where the language in the description of the land conveyed, or excepted from the conveyance, is otherwise doubtful, a practical location by the agreement, acts, conduct, or declarations of the parties concerned, followed by adverse and exclusive possession, was sufficient to remove the doubt, and give certainty to the description. 52 Wis. 691. See, also, *Whitney v. Robinson*, 53 Wis. 314, 315; *Parkinson v. McQuaid*, 54 Wis. 484; *McMillan v. Wehle*, 55 Wis. 694, 695. In *McMillan v. Wehle, supra,* the language above quoted was in substance applied to a tax deed executed and recorded August 6, 1856, and hence involved the same question as here presented. Here it appears from the evidence that when the defendant purchased the lot in dispute from D. J. Brothers, the latter sent George W. Lawe, through whom the plaintiff acquired his title, to locate the lot for the defendant, which lot they together did then locate, and thereupon the defendant went into the exclusive possession of the lot, fenced it, built a dwelling-house thereon, in which he lived with his family, and retained such possession to the time of trial. It seems to us that the extrinsic evidence was properly admitted. Under all the evidence we cannot hold that there was such uncertainty in the description as avoided the deed.

It is urged that each of the tax deeds reveals the fact

that several tracts of land were assessed and sold together for a gross sum only, and in one certificate, and hence that the tax deeds were void upon their face, within the ruling of this court in *Orton v. Noonan*, 25 Wis. 672, and other cases. We are not prepared to say that it so appears. Assuming that it does, the question recurs whether it is available to the plaintiff in this action.

To plead the statute of limitations, it is only necessary to allege in the answer facts showing that a statute of limitation had run against the cause of action alleged in the complaint. *Paine v. Comstock*, 57 Wis. 159; *Smith v. Dragert*, 60 Wis. 139; *Morgan v. Bishop*, 61 Wis. 413, 414. The mere failure to specifically state in the answer the particular statute of limitation relied upon may render the pleading objectionable, as being indefinite and uncertain; but it is not for that reason to be treated as a nullity. *Haseltine v. Simpson*, 58 Wis. 585, 586; *Hiles v. La Flesh*, 59 Wis. 465.

It has been settled by this court that where the tax-title claimant failed to take possession of the premises in time to avail himself of the three-years statute of limitations, yet he might, by an adverse possession for a period of ten years under such deed, though void upon its face, avail himself of the ten-years statute of limitations. Sec. 4211, R. S.; sec. 6, ch. 138, R. S. 1858; *McMillan v. Wehle*, 55 Wis. 685. Since the land in question was included in the tax deeds, it is immaterial whether the deeds were void upon their face or not, if this ten-years statute of limitations was pleadable, and properly pleaded and proved. We think the facts were sufficiently pleaded and proved. True, the answer does not, in express terms, allege that the defendant entered into the possession of the premises under claim of title exclusive of any other right, but we think it does in effect so allege. Moreover, the answer does not in express terms allege that the defendant, at the time of so entering into such possession, founded his claim to the land upon

some written instrument as being a conveyance of the premises in question; yet as he alleges that D. J. Brothers, at the time named, had the title to the land, and that he purchased of him and immediately went into the adverse and exclusive possession, we think he does in effect so allege. True, the tax deeds under which he so held ran to and were held by D. J. Brothers, but that did not preclude the defendant from founding his claim of title upon such deeds. It is a familiar principle that a vendor may avail himself of the possession of his vendee in order to establish a statutory bar. It is equally true that a vendee in possession under a parol contract may avail himself of the former possession and title deeds of his vendor.

Besides, the defendant had fully paid the purchase price, and held D. J. Brothers' receipt for all of it but a trifle, as early as November 24, 1870. The decision of Bunn, J., in the late case of *Cawley v. Johnson*, 21 Fed. Rep. 492, and the cases there cited by him, goes far towards making the receipt a sufficient written instrument as being a conveyance upon which to found such claim of title, within the meaning of the statute. Certainly the findings and the evidence establish the defendant's equitable title and right to the possession of the land. · But we do not put our decision on that ground, as we think the tax deeds were available in support of the defendant's adverse possession and claim of title.

Of course the actual possession of the defendant was notice to the plaintiff and the world as to what the defendant's rights in the land were. *Coe v. Manseau*, 62 Wis. 82. He had paid D. J. Brothers in full, and was, in equity, entitled to a conveyance from him. This being so, the defendant's equitable title would have been a complete defense had an action of ejectment been brought against him by D. J. Brothers. Both Lawe and the plaintiff are conclusively presumed to have known of the defendant's

equitable title to the land prior to the time when D. J. Brothers conveyed to Lawe, or Lawe to the plaintiff; hence the latter stands in no better position to maintain this action than Brothers would.

There seems to be no valid objection to the defendant's wife testifying, in effect, that by her husband's direction she went to the plaintiff and demanded a deed of the land, and offered to pay him for it. For that purpose she was his agent. But even if it were otherwise, yet as the trial was by the court, and the defendant established his defense without her testimony, it could not work a reversal.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.