LUNDGREEN, Appellant, vs. STRATTON and another, Respondents.

*February 21 — March 12, 1889.*

*Vendor and purchaser of land: Mistake in description: Practical location: Specific performance.*

The defendant S. owned lots 11 and 12 in a village block, and sold to the defendant T. what they both supposed to be lot 11, but which was in fact lot 12. T. went into possession of the lot purchased and made improvements thereon. Afterwards S. sold to the plaintiff, who had actual notice of T.'s purchase, possession, and improvements, what the plaintiff and S. supposed was lot 12, and the contract of sale described it as such, but in fact the land so sold was all situated in a public street which adjoined the real lot 12 but had not yet been opened for travel. Plaintiff went into possession of the land in such street and built a house thereon. In an action to enforce specific performance of the contract of sale by the conveyance to him of the real lot 12, it is *held* that the plaintiff has no equity against T., and his only remedy against S. lies in the recovery of damages.

APPEAL from the Circuit Court for *Washburn* County. The facts are sufficiently stated in the opinion.

For the appellant there were briefs by *A. L. Bugbee* and *Jenkins & Jenkins,* and oral argument by *Mr. Bugbee.*

Lundgreen vs. Stratton and another.

For the respondents there was a brief by *L. H. Mead* and *J. F. Coe*, and oral argument by *Mr. Coe*.

ORTON, J. The facts of this case, as established by the. evidence, the report of the referee, and by the admissions of the complaint, are substantially as follows:

Block No. 3, in the village of Spooner, Washburn county, is bounded on the north by Walnut street, and on the west by River street. Lot No. 12 is in the northwest corner of said block, and lot No. 11 adjoins it on the east. In November, 1883, River street on the west had not been opened, and it was not known by the defendants *Stratton* and *Thomas* just where lot 12 lay, but it was supposed that said lot was where it was afterwards discovered said River street was located, and that lot 11 was on the east side of it. The defendant *Stratton* had purchased and paid for lots 11 and 12, but had no deed, and he went into actual possession of lot 12, supposing it to be lot 11, and built a store building upon it, and occupied it as a store. At the above date he sold the said lot and improvements to the defendant *Thomas* for the consideration of $525, and received $300 paid, and the balance was to be paid in the near future, with interest; and *Stratton* agreed to put a cellar under the store ·building, and build a warehouse adjoining it; and *Thomas* went into immediate possession of said lot, and received a contract for a deed therefor, supposing it to be lot 11, and it was so described. It was afterwards found that said lot was lot 12, and the mistake was corrected by *Stratton* deeding to *Thomas* said lot as lot 12, its correct description, and *Thomas* paid *Stratton* an additional $70 for the same. *Thomas* has continued in the actual occupancy of said lot 12 until the present time, and has made improvements upon the same of about $100, making the lot cost him about $700.

In July, 1884, the plaintiff proposed to *Stratton* to pur-

chase what they both supposed was the vacant lot No. 12, and it was pointed out, identified, and measured as lot 12, and the plaintiff purchased it for $65, and paid down $25, and was to have a deed upon the payment of the balance and interest at a future time. The plaintiff went into the actual occupancy and possession of that tract of ground, by the mutual mistake and description, as lot 12, and built a house upon it, which he still occupies. But, as before stated, it was afterwards discovered that the lot or tract of land actually sold to the plaintiff was entirely in River street, opposite lot 12 in block 3, and did not embrace any part of it. The plaintiff worked as a carpenter on the store building purchased by *Thomas*, and personally knew that *Thomas* had actually purchased and gone into possession of lot 12, and knows that he made improvements thereon and has continued in possession thereof.

It follows, as a matter of course, that the defendant *Stratton* sold to the plaintiff a tract of land that he did not own. At the time of the sale *Stratton* gave the plaintiff a receipt for the $25, "for lot in Spooner, B. 3, lot 12," and specifying when the subsequent payments were to be made. The plaintiff brings this suit for specific performance of this contract, having demanded a conveyance of said lot by that description, which was refused. The defendant *Stratton* failed to answer, but the defendant *Thomas* answered, setting up substantially the above ·facts. The plaintiff averred in his complaint that *Stratton* pointed out to him the tract as lot 12, block 3, and that he took possession of the land that he pointed out to him as such lot, and has made improvements thereon of the value of $400, and "that in fact and in truth the tract of land pointed out by said *Stratton* as lot 12 of block 3 was not lot 12 in block 3 of the village of Spooner, but said tract of land is in the street of the village of Spooner known," etc., "as 'River street.' "

These admissions show substantially the real facts about his purchase. The referee found the facts as above stated, and reported that the complaint be dismissed as to the defendant *Thomas*, and that the plaintiff recover in damages the consideration paid by him, and interest and costs, of the defendant *Stratton;* and the circuit court confirmed the report of the referee, and rendered judgment accordingly.

There was a mutual mistake of description in the number of the lot by *Thomas* and *Stratton*, and a mutual mistake by *Stratton* and the plaintiff of the location of lot 12. But there was no mistake whatever as to the actual premises which both *Thomas* and the plaintiff purchased and have been in possession of ever since. The plaintiff had notice of the rights of *Thomas* in lot 12 a long time before he purchased the tract which was misnamed as lot 12; so that whatever equity he might have as against *Stratton* in lot 12 must be deferred to the right or equity of *Thomas*. 1 Story's Eq. Jur. § 64*d;* 2 Pom. Eq. Jur. §§ 729-753; Adams, Eq. 161. *Qui prior est in tempore, potior est in jure. Martin v. Morris,* 62 Wis. 418; *Meade v. Gilfoyle,* 64 Wis. 18; *Honzik v. Delaglise,* 65 Wis. 494. The land contracts to both the plaintiff and *Thomas* must be construed to give effect to the actual intention of the parties at the time, and the facts and circumstances at the time are to be considered to show what such intention really was. *Parkinson v. McQuaid,* 54 Wis. 473. The intention of *Stratton* and *Thomas* was that *Stratton* purchased the tract of land which finally proved to be lot 12, and he went into possession of that tract; and the intention of *Stratton* and the plaintiff was that the plaintiff purchase the identical tract of land which afterwards proved to be in River street, and he went into possession of that tract. It certainly was not the intention of *Stratton* to sell to him, or of the plaintiff to purchase, for $65, a lot worth nearly $1,000 with improvements, and which the plaintiff knew *Thomas* had

purchased the year before and was in the actual possession of. Both the plaintiff and *Thomas* went into possession of the lots or tracts of land which they respectively purchased, and there was no mistake about what they did purchase. The only difficulty is that *Stratton* did not own the tract of land he sold to the plaintiff. He did own the lot he sold to *Thomas*, and he has rightfully conveyed the same to him.

Where there is an obvious mistake or ambiguity in the numbers or description of land purchased, resort may then be had to its practical location at the time by the parties by going into and retaining possession of it and making improvements thereon. *Bader v. Zeise*, 44 Wis. 96; *Messer v. Oestreich*, 52 Wis. 684; *Tobey v. Secor*, 60 Wis. 310; *Thompson v. Jones*, 4 Wis. 106. Where the description is by mistake or is doubtful, a practical location of the premises by the agreement, acts, conduct, or declarations of the parties, followed by exclusive possession, may be sufficient to remove the doubt and give certainty to the description. *Whitney v. Robinson*, 53 Wis. 314; *McMillan v. Wehle*, 55 Wis. 694; *Coe v. Manseau*, 62 Wis. 82. *Meade v. Gilfoyle*, 64 Wis. 18, is in point as to misdescription, and its correction by a practical location of the premises by the parties at the time, and going into possession.

In view of these well-established principles, this is really a very plain case. The plaintiff has not the slightest equity against the defendant *Thomas*, and as against the defendant *Stratton* all the relief he can possibly have is his compensation in damages in consequence of *Stratton's* inability to convey to him the tract of land he sold by reason of a want of title to it. The plaintiff does not complain of the amount of the damages recovered against the defendant *Stratton*.

*By the Court.*— The judgment of the circuit court, both as to the dismissal of the complaint as to the defendant *Thomas*, and as to damages allowed to the plaintiff against the defendant *Stratton*, is affirmed.