JOHN P. SMITH *vs.* MICHELE DE ROBBIO *et al.*

MAY 17, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Taxation. Describing Separate Parcels. Land in Two Towns.*

X. was seized of lot 26 on the Arlington Heights Park Plat, which lot was situated partly in the city of Providence and partly in the town of Cranston. The tax, assessed by the assessors of Cranston was for "Lot 26—Arlington

Heights Park Plat." The deed of the tax collector, after sale for non-payment of the tax purported to convey "That lot of land situate in the town of Cranston known and described as lot 26 on the Arlington Heights Plat":—

*Held*, that the assessment as made was of the whole lot in Cranston, although only a portion of it was situated there.

*Held*, further, that, if less than the entire lot on the plat was intended, it was not only practicable, in the language of Gen. Laws, 1896, cap. 45, § 4, as amended by Pub. Laws, cap..920, to describe such portion, but, inasmuch as the statute requires a description of each tract or parcel assessed, the court can not assume that less than the entire lot was so assessed.

*Held*, further, that, the title being defective, grantee under such tax deed could not maintain ejectment proceedings against those in actual possession of the premises.

Trespass and Ejectment. Heard on agreed statement of facts.

Blodgett, J. This case is before the court upon the following agreed statement of facts:

"This is an action of trespass and ejectment, brought by John P. Smith, of Providence, in the State of Rhode Island, against Michele De Robbio and Vincenzina De Robbio, both of Cranston, in said State, for the recovery of certain land situated in the Town of Cranston, of which the defendants are in actual possession.

"The plaintiff, grantee of one Rowland H. Wilson, claims title to a portion of certain land, now in the possession of the defendants, under a tax title acquired by said Rowland H. Wilson from Joseph A. Shaw, Collector of Taxes for the Town of Cranston, by deed dated December 22nd, 1906.

"In 1905, the time when the tax assessment under which Smith claims title was made, one Henry E. Simmons was seized and possessed of Lot 26 of the Arlington Heights Park Plat, which said lot of land was situated partly in the City of Providence and partly in the Town of Cranston. The tax assessed for said year 1905 against Henry E. Simmons by the tax assessors of Cranston was for 'Lot 26—Arlington Heights Park Plat.'

"The tax not having been paid, the land assessed to Henry E.

Simmons, as aforesaid, was sold for its nonpayment and a deed given by Joseph A. Shaw, collector, dated December 22nd, 1906, to Rowland H. Wilson, which said deed is recorded in the Town Clerk's Office in said Cranston in Deed Book 96, page 472, and purported to convey the following described land:

" 'That lot of land situate in the Town of Cranston, known and described as Lot 26 on the Arlington Heights Plat.'

"Later, by deed dated March 30, 1907, and recorded in said Cranston in Deed Book 105, page 471, the said Wilson purported to convey the premises, purchased by him from said Shaw, to John P. Smith, the present plaintiff, the deed from Wilson to Smith describing the land as: 'That lot of land situate in the Town of Cranston, located and described as Lot 26 on the Arlington Heights Park Plat.'

"The defendants claim title to the lot in question, which lies partly in the City of Providence and partly in the Town of Cranston, under a mortgagee's deed dated July 31st, 1906, which said deed to the defendants was recorded in the City of Providence on July 31st, 1906, in Deed Book 482 at page 201, and in the Town of Cranston on August 6th, 1909, in Deed Book 113 at page 143, the recording of the defendants' deed in Cranston being subsequent to the instituting of the present proceedings.

"It is agreed that there is an Arlington Heights Park Plat but no Arlington Heights Plat and no other plat in Cranston the name of which includes the words 'Arlington Heights'; that there is no Lot 26 on said Arlington Heights Park Plat situated wholly in the Town of Cranston; that there is a Lot 26 on the Arlington Heights Park Plat located partly in the City of Providence and partly in the Town of Cranston, which said lot in 1905, the time of said assessment, belonged to Henry E. Simmons."

The accompanying plat shows the location of the line of the city of Providence and the portions of the lot in question which lie in Providence and in Cranston, respectively.

UNION      AVE

Section 4, chapter 45, General Laws, 1896, as amended by chapter 920, Public Laws, passed November 22, 1901, is as follows: "Taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable: *Provided, however*, that no defect in description or mistake in valuation shall be taken advantage of by any taxpayer in order to avoid the payment of a tax assessed against him, unless he shall have brought to the assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal

estate, at such time as they may prescribe for the assessing of the tax."

The assessment in the case at bar was thus made by the board of assessors of Cranston: "Lot 26—Arlington Heights Park Plat." If less than the entire lot on this plat was thereby intended, it was not only "practicable," in the language of the statute, to describe such portion, but, inasmuch as the statute requires a description of each tract or parcel assessed, we are not at liberty to assume that less than the entire lot was so assessed: and the defendants' contention that the description of the lot in the assessment roll as "Lot 26—Arlington Heights Park Plat" is an assessment of the whole lot in Cranston, although only a portion of it is situated therein, must be upheld.

In *Tallman* v. *White*, 2 Comst. 66, 72, the Court of Appeals of New York held that "In a deed between individuals, a part of the description of the premises conveyed may be rejected on account of its falsity, if after its rejection there is enough left to show clearly what the owner intended to convey. In this case, if the owner of the land had executed the deed, giving the boundaries correctly, the title might have passed, although the land was falsely described as to the village in which it lay. It would then present the question what the owner intended to convey. There is no such question here. The owner conveys nothing, and does not intend to convey anything. If the officers who undertake to convey for him, intend to convey lands lying in one place, by a deed describing them as lying in a different place, they intend to do what the statute, under which they profess to act, does not permit. A judicial decision which should sanction a title like the present would open a door to innumerable frauds."

*Alexandria R. R. and Bridge Co.* v. *District of Columbia*, 1 Mackey, 217, was a case in which it was sought to enjoin the collection of a tax assessed upon a bridge extending from Georgetown, in the District of Columbia, across the Potomac and upon the Virginia shore. The Supreme Court of the District of Columbia observes, upon the answer of the commissioners thereto, as follows (pp. 233–4): "It seems plain from

the answer of the commissioners that they distinguish between the entire wooden bridge upon which the assessment was made, and that portion of the bridge which they design to sell. When they are stating what was *assessed,* they declare it was 'the *wooden bridge,*' that is the entire bridge, but in describing what they intend to sell they aver it is only that portion of said bridge which was within the limits of the District. . . . . This is not a case merely of excessive valuation, or of an omission upon the part of officials to comply with the directory provisions of the statute; but it is a claim advanced in this court by the District authorities to levy a tax upon the entire bridge, including that portion within Virginia, and we must, therefore, hold the assessment was illegal, and the collection of the tax should not be enforced." And see *Bird* v. *Benlisa,* 142 U. S. 664; *Orton* v. *Noonan et al.,* 23 Wis. 102.

It is obvious that this defect in Wilson's title precludes his grantee, Smith, the plaintiff in the case at bar, from a recovery, and the order must therefore be

Case remitted to the Superior Court, with direction to enter judgment for the defendants.

*Page & Cushing,* for plaintiff.

*A. A. Capotosto,* for defendant.